UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE REYNA,<br>   Plaintiff<br><br>  v.<br><br>CITY OF CHICAGO, *et al.*,<br>   Defendants | No. 24 CV 10815<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendant, Caren Armbrust's, motion to dismiss [69] is granted as to Counts IV and X, and denied as moot as to count XV. If Armbrust wishes to make an amendment to her answer, she must do so on or before June 25, 2025. The June 11, 2025, status hearing is stricken.

### STATEMENT

This matter comes before the Court on the defendant, Caren Armbrust's, motion to dismiss Counts IV and X of the complaint, which alleges she failed to intervene or prevent other defendants from violating the plaintiff, Tyrone Reyna's, constitutional rights.[1] (R. 69.)[2] This case involves seventeen counts against ten defendants; for the sake of brevity only those facts relevant to this motion to dismiss are summarized here. This description of events is drawn from the complaint and is presumed true for the purpose of resolving the pending motion. *Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

The plaintiff, Tyrone Reyna, spent fourteen years in prison for a murder he did not commit. (R. 59 ¶ 1.) He was exonerated in October of 2023 and awarded a certificate of innocence in 2024. (*Id.* ¶¶ 87–88.) According to the plaintiff, Armbrust was working as a felony review prosecutor on February 11, 1993, the day the plaintiff was arrested. (*Id.* ¶¶ 34, 45.) The plaintiff alleges Armbrust prepared a confession for his signature without speaking to him. (*Id.* ¶ 51.) Instead, according to the plaintiff, Armbrust

---

[1] Armbrust also moves to dismiss Count XV, which the plaintiff clarified he is not asserting against her. (R. 75 at 12–13.) Accordingly, her motion to dismiss is denied as moot as to Count XV.

[2] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

relied on information provided by detectives, including defendant Bernard Ryan. (*Id.* ¶¶ 51–54.) When Armbrust and Ryan presented the confession to the plaintiff for his signature, he initially refused to sign, professed his innocence, and stated he was being mistreated by Ryan and other detectives. (*Id.* ¶ 56.) Ryan then allegedly slapped the plaintiff. (*Id.*) The plaintiff, who was sixteen years old at the time, also alleges that he was denied the presence of his mother or a "youth officer" while the defendants attempted to obtain his signature on the confession written by Armbrust. (*Id.* ¶ 57.) The plaintiff alleges he later signed the confession under duress. (*Id.*)

Armbrust moves to dismiss the failure to protect claims against her, arguing that she is entitled to qualified immunity for both claims. (R. 69.) A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). "[D]ismissal of a plaintiff's complaint on qualified immunity grounds is appropriate if, taking the facts alleged in the light most favorable to the plaintiff, the defendant is entitled to qualified immunity as a matter of law." *Sabo v. Erickson*, 128 F.4th 836, 843 (7th Cir. 2025). Qualified immunity is an immunity from suit, not a defense to liability, and should thus be resolved "at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (per curiam).

Qualified immunity exists to protect public officials from suit unless they violate a clearly established statutory or constitutional right. *Doxtator v. O'Brien*, 39 F.4th 852, 863 (7th Cir. 2022). "If the law at that time did not clearly establish that the [official's] conduct would violate the Constitution, the [official] should not be subject to liability or, indeed, even the burdens of litigation." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). To determine whether a right was clearly established, the Court first looks to "controlling Supreme Court precedent and [Seventh Circuit] decisions on the issue." *Kemp v. Liebel*, 877 F.3d 346, 351 (7th Cir. 2017).

Armbrust argues that only in 2012 did the Seventh Circuit clearly establish that a prosecutor had a duty to intervene when acting in an investigative capacity. *See Whitlock v. Brueggemann*, 682 F.3d 567, 581 (7th Cir. 2012). This is correct. Courts in this district have routinely held that no investigative prosecutorial duty to intervene existed before *Whitlock* in 2012. *See Abrego v. Guevara*, No. 23 C 1740, 2024 WL 3566679, at *11 (N.D. Ill. 2024) ("If anything, Whitlock shows that the law was not 'clearly established' back in 1999."); *Cruz v. Guevara*, No. 23 C 4268, 2024 WL 4753672, at *9 (N.D. Ill. 2024) (holding that a failure to intervene claim "must be dismissed" because no duty to intervene existed at the time of the alleged violation); *Wilson v. Est. of Burge*, 667 F. Supp. 3d 785, 834 (N.D. Ill. 2023) (dismissing a failure to intervene claim because the court found no authority "that shows a clearly established duty in 1993 for prosecutors, even acting in an investigatory function, to intervene"); *Serrano v. Guevara*, 315 F. Supp. 3d 1026, 1038 (N.D. Ill. 2018) ("[w]hatever the state of the law now, it was not clearly established in 1993 that

prosecutors acting as investigators had a duty to intervene when their fellow officers committed constitutional wrongs.").

The plaintiff does not dispute that *Whitlock* is the first case in this circuit establishing an investigating prosecutor's duty to intervene. Instead, he argues that *Whitlock* did not need to establish this obligation because it "should have been self-evident . . . even without direct precedent." (R. 75 at 10.) According to the plaintiff, it is well established "that felony review prosecutors working with detectives to obtain tortured statements and who fabricate evidence are not protected by immunity." (*Id.* at 11.) Here, the plaintiff confuses immunity from acts with immunity from failing to act. As Armbrust put it, she "does not assert in this motion that she is entitled to qualified immunity for her alleged direct role in the alleged fabrication and/or coercion. Rather, [she] contends she is entitled to qualified immunity on [the p]laintiff's vicarious liability 'failure to intervene' claims in [c]ount[s] IV and X." On this narrow ground addressing this subset of the plaintiff's claims, Armbrust is correct.

Armbrust's obligation to intervene was not clearly established in 1993, and as such she is entitled to qualified immunity on those claims. *See Brosseau*, 543 U.S. at 198. Her motion to dismiss is therefore granted as to the plaintiff's failure to intervene claims.

Date: June 10, 2025

JEREMY C. DANIEL
United States District Judge